Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2823 | **DATE** | 11/9/2000 |
| **CASE TITLE** | Norman vs. CP Rail Systems | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  The parties' motions in limine are granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 1 3 2000 | 42 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 11/9/2000 date mailed notice |
| | Copy to judge/magistrate judge. | 00 NOV -9 PM 3:11 | MPJ mailing deputy initials |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HENRY H. NORMAN, )
)
        Plaintiff, )
)
v. ) No. 99 C 2823
)
CP RAIL SYSTEMS d/b/a SOO )
LINE RAILROAD COMPANY, )
)
        Defendants. )

DOCKETED
NOV 1 3 2000

## MEMORANDUM OPINION AND ORDER

The parties' motions in limine are granted in part and denied in part.

Mr. Norman moves to bar what he says is the expert testimony of Annette L. Baker and Daniel Janiga. He argues that the identities of these witnesses were not properly disclosed under Fed. R. Civ. P. 26(a)(2)(A) or (B), or in accord with my order of Jan. 28, 2000, directing expert disclosures to be served by Feb. 28, 2000, or my order of Nov. 4, 1999, directing non-expert fact discovery to be concluded by Feb. 1, 2000. Mr. Norman says that these witnesses were not mentioned until Apr. 11, 2000. The defendant responds that these are not expert witnesses, and that they were "disclosed" under Rule 26(a)(1)(A) by a number of letters about Dr. Janiga's involvement and from Annette Baker in November

42

1998 or January 1999, and by referring to Mr. Norman's medical file. The witnesses are not expert, but Rule 26(a)(1)(A) provides for disclosure of the "name[s], and, if known, the address[es] and telephone number[s]" of potential witnesses. This is to be provided in a timely way in a proper discovery list of their names, and (if known) addresses and phone numbers. This is a fairness rule, not a technicality. The point is to avoid having to slog through heaps of discovery material, so merely pointing to references in produced documents is insufficient. The testimony is excluded.

Mr. Norman also moves to exclude the testimony of Dr. Mark Levin, M.D., as not really properly disclosed--he was first mentioned in the April 11, 2000 notice, in violation of Rule 26(a)(2)(A); and because he failed to disclose any but one of the other 48 to 96 depositions he made in other cases, some within the last four years, in violation of Rule 26(a)(2)(B). I closed expert discovery on Feb. 28, 2000, not in April 2000; and although the defendant says that Dr. Levin has not given expert testimony in the last four years, what Dr. Levin said was that he has been testifying at least once a month for "the last nine years." He says that he doesn't keep records of this. The defendants argue that exclusion is too harsh given that Mr. Norman was not prejudiced. I think he was, by late disclosure of the identity of the witness and

by inadequate disclosure of his poorly recorded practice as an expert witness. Dr. Levin's testimony is excluded.

Mr. Norman moves to bar reference by the defendant to the condition of the scene at the occurrence or maintenance work done at that scene, on the grounds that the defendant's responses to interrogatories were evasive, late, and incomplete. The defendants say that the plaintiff was too vague, changed his story, and by the time it figured out what he was talking about, 39 months later, the records apparently went astray. I agree that excluding this testimony would be tantamount to summary judgment for Mr. Norman, and would make a farce of the trial. The motion is denied.

The defendant's motions in limine to bar evidence: (1) regarding yard conditions or accidents on prior or subsequent occasions is GRANTED, except insofar as the plaintiff offers Fed. R. Evid. 407 evidence; to bar reference (2) to the defendant's financial condition or the disparity in financial status between the plaintiff and defendant is also GRANTED; to exclude (3) hearsay statements of other employees of the defendant is GRANTED, unless that evidence comes in under some exception or exclusion; to exclude any reference (4)(a) to medical expenses of the plaintiff paid by the defendant is GRANTED as unopposed; but the motion to exclude (4)(b) evidence of wage loss is DENIED as wholly unargued;

-3-

to bar evidence (5) of post-incident changes is GRANTED, except insofar as the plaintiff offers Fed. R. Evid. 407 evidence; to exclude testimony (6) by or regarding the plaintiff's family members is DENIED; the plaintiff has a right to show his damages, except insofar as this testimony is cumulative or time-wasting; to exclude as speculative (7) plaintiff's future loss of earnings, pain and suffering, and medical care is DENIED as premature: I will decide after I hear it whether the evidence the plaintiff presents is too speculative; to admit evidence of (8) collateral source payments received by the plaintiff for the purpose of showing his lack of motivation to return to work is DENIED; and to bar any evidence (9) that the plaintiff's sole recovery is under FELA, that plaintiff does not receive or cannot receive workers' comp is DENIED. Finally, the defendant's "omnibus" motion in limine is GRANTED insofar as it concerns interpretation of the law, which is my job exclusively, and otherwise DENIED as improper, superfluous, or premature. If the defendant has specific objections to concrete statements of the plaintiff's counsel, it can raise them when they are made.

Only three of the defendant's motions in limine require discussion. First, the motion to exclude hearsay statements is superfluous. Under the Federal Rules of Evidence, I will exclude

-4-

hearsay unless it comes in under some exception or exclusion, though whether any particular statement is admissible will have to be discussed at the time the testimony is sought to be introduced. Second, there is the defendant's motion concerning whether plaintiff has any other remedy than under FELA. The defendant cites a handful of mostly old out-of-circuit and state cases, and I agree that the only recent case the defendant cites, *Stillman v. Norfolk & Western Ry, Co*, 811 F.2d 834 (4th Cir. 1987), is distinguishable. It concerned whether a jury instruction about FELA as the sole remedy was required rather than whether such statements are inadmissible. *Id.* at 838. Third, the "omnibus motion" is not really, and most of the requests under the motion suffer from the same defect as the "hearsay" motion: many of these are superfluous requests that plaintiff follow the law, e.g., by not arousing hostility or resentment beyond arguing for liability, or not bringing in undisclosed witnesses. Some of the subparts are just wrong, such as the request that I bar the jury from putting themselves in the plaintiff's position to evaluate pain and suffering. Frankly, it is a waste of my time and that of the parties to have to deal with motions like this. A few well-focused

motions addressed to real, live concerns are what is called for in making motions in limine; use a fine paintbrush, not a spray can.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 9, 2000

Copies have been mailed to:

James L. Farina
Hoey, Farina & Downes
542 S. Dearborn Street, #200
Chicago, IL 60605

Attorney for Plaintiff

Daniel J. Mohan
Daley & Mohan, P.C.
150 N. Wacker Drive, #1550
Chicago, IL 60606

Attorney for Defendant